Filed 2/24/22  P. v. Calzada CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078097 |
| v. | (Super. Ct. No. BPR2101166) |
| JAMES CALZADA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Rene Navarro, Judge.

Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant James Calzada appeals after the trial court found defendant in violation of his parole supervision. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. We find no error and affirm the judgment.

## II.

## BACKGROUND

In September 2012, defendant was convicted of possession or manufacture of a deadly weapon by a prisoner in violation of Penal Code[1] section 4502, subdivision (a)(1).{CT 4, 8} At the time, defendant was incarcerated in state prison following his conviction for rape by force or fear (§ 261, subd. (a)) in March 2005.{CT 5, 8}

Defendant was paroled from state prison on January 28, 2019 on various terms and conditions of his parole. Defendant's parole was scheduled to expire or terminate on May 5, 2022.{CT 4, 6}

After defendant violated the terms and conditions of his parole by absconding from parole supervision and removing his electronic global positioning system (GPS)

---

[1] All future statutory references are to the Penal Code.

2

monitoring device, on June 10, 2021 defendant was sentenced to county jail for 180 days.{CT 6-7, 9-15}

Defendant was released from county jail on September 22, 2021, and failed to report to his parole officer at the Palm Springs Parole Office on September 23, 2021 (within one working day following his release as required by section 3010.10, subdivision (a)[2] and the terms and conditions of his parole).{CT 5} Defendant was arrested the following day on September 24, 2021 for violating his parole by failing to report for GPS monitoring.{CT 6}

On September 29, 2021, a petition to revoke defendant's parole was filed. The petition alleged that defendant failed to report for GPS monitoring in violation of the terms and conditions of his release on parole and section 3010.10, subdivision (a).{CT 4-16} Defendant denied the allegation, claiming that he did not have transportation and believed that he had more time.{CT 6, 17}

A contested parole revocation hearing was held on October 29, 2021.{CT 20} At that time, defendant's parole officer testified that he supervised known registered sex offenders, including defendant.{RT 7-9} Defendant's parole officer explained that when defendant was released on parole after his first parole violation, defendant was given, and he signed, a notice and conditions of parole. Among other conditions, defendant was

---

[2] Section 3010.10, subdivision (a) provides, in pertinent, part that "[a] person who is required to register as a sex offender pursuant to section 290 as a condition of parole shall report to his or her parole officer within one working day following release from custody, or as instructed by a parole officer to have an electronic global positioning system (GPS), or other monitoring device affixed to his or her person."

required to report to his parole officer within 24 hours "on the first working day" following his release.{RT 9-10, 13-14; CT 10}  Defendant's parole officer noted that due to his prior 2005 rape conviction, defendant was subject to mandatory sex offender registration and continuous GPS monitoring pursuant to sections 290 and 3010.10, subdivision (a).  The purpose of requiring such defendants to report within 24 hours after release was to place a GPS monitoring device on them.{RT 9-10}  Defendant's parole officer stated that defendant, as a sex offender, was to be supervised at a high-risk level and was accountable for "every hour, every minute" while on parole.{RT 10}

Defendant's parole officer also testified that after defendant was released from custody on September 22, 2021, defendant was required to report to him at his officer the following day under his notice and conditions of parole and by statute and that because of his failure to report, a GPS monitoring device was not placed on defendant on September 23, 2021.{RT 10-12}  Defendant's parole officer noted that his parole office log-in or sign-in sheets revealed that defendant failed to report to him or his office on September 23, 24, or 25, 2021, despite other parolees being able to sign in and report to their parole agents at this office on these dates.[3]{RT 10-11}  Defendant's parole officer concluded that defendant's failure to report to him or his parole office on September 23, 2021 constituted a violation of the sex offender registration requirements of section 3010.10 and defendant's notice and conditions of his parole.{RT 11}

---

[3] On September 24, 2021, defendant reported to another parole office, not his assigned Palm Springs office.{RT 14; CT 6}

Following argument, the trial court found that defendant had violated the terms and conditions of his parole supervision as alleged in the petition.{RT 18-20; CT 20} Immediately thereafter, the court reinstated defendant's parole supervision on the same terms and conditions as previously imposed and ordered him to serve 180 days in county jail.{RT 20-23; CT 20}  Defendant timely appealed.{CT 22}

III.

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal.  Counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues, and requesting this court to conduct an independent review of the record.

As previously noted, we offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error

5

that would result in a disposition more favorable to defendant.  We are satisfied that appointed counsel fully complied with his responsibilities and that no arguable appellate issues exist.  (*Ibid.*; *People v. Wende*, *supra*, 25 Cal.3d 436.)

## IV.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.